IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 7:09-cv-41 (HL) |
| FRANK MYLES, | : |
| Defendant. | : |

## ORDER

Plaintiff United States of America ("the Government") filed a complaint in this Court seeking to enforce a debt owed by Defendant Frank Myles ("Myles") to the Department of Agriculture, Farm Service Agency ("FSA"). Before the Court is the Government's motion for summary judgment (Doc. 12). For the explained reasons, the motion is granted.

### I. PROCEDURAL BACKGROUND

The Government's complaint was filed on March 24, 2009. Myles, proceeding pro se, answered the complaint. The Government then filed its motion for summary judgment on April 15, 2010. The Court informed Myles that he was obligated to respond to the summary judgment motion and that if he failed to respond, the Government's summary judgment motion might be granted in favor of the Government (Doc. 15). Myles was ordered to respond to the summary judgment motion no later than May 28, 2010. Myles filed no response.

The summary judgment motion must now be decided without the benefit of knowing Myles' position on the facts or law.

## II.    FACTUAL BACKGROUND[1]

In June 2006, Myles executed a promissory note in favor of the FSA for $136,880.00. (Myles Dep. Ex. A). The promissory note was to be repaid on June 7, 2007 as was interest at a rate of 3.75 percent. (Id.). On June 9, 2006, Myles executed and delivered two more promissory notes payable to the FSA. The borrowed amount of the second note was $111,180.03 to be repaid in fifteen annual installments of $10,088.00 with an interest rate of 4.125 percent. (Id.). The borrowed amount for the third note was for $25,712.81 to be repaid in fifteen annual installments of $2,415.00 with an interest rate of 4.625 percent. (Id.). Myles admits that his signature is on the three promissory notes. (Myles Dep. at 33-35, 49-50).[2]

---

[1] The facts are viewed in the light most favorable to the nonmoving party. The Federal Rules place an obligation on the nonmovant to respond to a motion for summary judgment. Fed.R.Civ.P. 56(e)(2). Failure to respond to the motion will result in summary judgment being entered against the opposing party where appropriate. Id. Summary judgement cannot be granted by default, however. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fl., 363 F.3d 1099, 1101-02 (11th Cir.2004). Although the district court is under no obligation to sua sponte review all of the evidentiary materials available to it, it must review "all of the evidentiary materials submitted in support of the motion for summary judgment" to ensure the motion is supported by evidence. Id.
   Myles has not submitted a statement of material facts, therefore, where the record supports the Government's assertions in its Uncontested Facts, the Court will deem them admitted.

[2] Early in his deposition Myles only admitted that the signatures looked like his. Later, he admitted that the signatures were his.

To secure the notes, Myles executed two security agreements in favor of the FSA. (Myles Dep. Ex. B). In the agreements, Myles granted the FSA a secured interest in collateral including Myles' farm equipment, crops on his property, and his livestock. (Id.)

Myles failed to make continuous payments on his loans. As a result, his accounts with the FSA became delinquent. (Myles Dep. Ex. D). On March 24, 2008, the FSA provided Myles with a Notice of Acceleration. (Myles Dep. Ex. C). The notice was issued pursuant to paragraph 4B 1 of the security agreements. (Myles Dep. Ex. B). The notice accelerated the entire balance of the notes and demanded payment. (Myles Dep. Ex. C). Myles did not cure his default. The last payment he made on his loans was on February 27, 2008. (Myles Dep. Ex. D).

Myles testified in his deposition that his ex-wife stole the loan money he received from the FSA. (Myles Dep. at 57-59). He also claims that his identity was stolen and the likely perpetrator was his ex-wife or her son. (Id. at 59). He contends that the collateral he put up for security for the loans was stolen by his ex-wife, his brother, and her son. (Id. at 58-59). Moreover, his peanut crop was damaged by rain and his insurance company declined to pay him for the loss. (Id. at 75-76, 83).

During his deposition Myles said that he could provide police reports explaining that his property had indeed been stolen. (Id. at 61). He also said he could provide the name of the woman that he spoke with at H&R Block about identity theft. (Id. at 52). Myles has not submitted any police reports to the Court or the

3

names of those he spoke with about identity theft.

The Government filed a complaint to recover amounts owed on the notes. The Government's complaint demands judgment against Myles in the principal amount of $264,100.53, plus interest accruing pursuant to the terms of the notes through the date of entry of judgment and post-judgment interest at the legal rate.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a defendant's motion for summary judgment, the court takes the facts in the light most favorable to the plaintiff. Stanley v. City of Dalton, 219 F.3d 1280, 1287 (11th Cir. 2000). The court may not, however, make credibility determinations or weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The initial burden lies on the movant to demonstrate that the nonmovant lacks evidence to support an essential element of its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the nonmovant, who must come forward with some evidence that would allow a jury to find in his favor, even if the parties dispute that evidence. Id. If the evidence that the nonmovant presents, however, is "not significantly probative" or "merely colorable," then summary

judgment may be granted. Liberty Lobby, 477 U.S. at 249.

"For factual issues to be considered genuine, they must have a real basis in the record." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Id. (citation omitted).

**B. Whether There Are Genuine Issues of Material Fact**

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Calzon, 2009 WL 1585983, at *3 (S.D. Fla. June 4, 2009) (quoting United States v. Lawrence, 276 F.3d 193, 197 (5th Cir.2001)).

In this case, the Government has presented the Court with the signed promissory notes. Myles admitted in his deposition that he signed the promissory notes, and the Government has presented the Court with an affidavit showing that the FSA is the holder of the note and that Myles has defaulted on his loans. Thus, the Government has satisfied its initial burden of showing that it is entitled to recover on the promissory notes.

Myles does not dispute and has not presented any evidence to show that he did not sign the promissory notes, that the notes are not currently owned by the Government, or that he did not default on notes for the amount claimed by the Government.

Myles has asserted that he has defenses to the Government's action. He

appears to argue that his insurance claim was wrongfully denied, which he believes means that he is relieved from paying his loans to the FSA. This defense lacks merit. If his insurance claim was wrongfully denied by his insurance carrier, then Myles must assert a claim against the carrier. He is still obligated to pay the FSA.

He also contended in his deposition that his ex-wife stole the loan money he received from the FSA, that his identity was stolen and the likely perpetrator was his ex-wife or her son, and the collateral he put up for security for the loans was stolen by his ex-wife, his brother, and her son. These conclosury allegations are insufficient to create a genuine issue of fact. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir.2000) (noting that conclusory allegations that lack specific supporting facts do not have probative value). Even though Myles is proceeding pro se, he is obligated to support his allegations with evidence. Because he has not, there is not a genuine issue of material fact. Summary judgment is granted to the Government.

**SO ORDERED**, this the 25th day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc